# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>    vs.<br>LUIS ALVAREZ-RODRIGUEZ,<br><br>                              Defendant. | CASE NO. 10CR4514 WQH<br><br>ORDER |

HAYES, Judge:

The matters before the Court are: 1) Defendant's Motion to Dismiss Indictment under 8 U.S.C.§1326(d) ECF No. 14; and 2)  Defendant's Motion to Dismiss the Indictment on grounds that he is a citizen ECF No. 21.

## BACKGROUND FACTS

Defendant was deported on April 11, 2006 and on November 22, 2006 after a hearing before an Immigration Judge.  At each hearing, Defendant was advised of his right to counsel acknowledged and waived his right to counsel at the deportation hearing.

On November 9, 2010, Defendant was charged by the grand jury with Attempted Entry after Deportation in violation of 8 U.S.C. § 1326 (a) and (b).

**Defendant's Motion to Dismiss Indictment under 8 U.S.C. § 1326(d)**

A defendant charged with a violation of Section 1326 may collaterally attack the prior deportation prior to trial under the due process clause. *United States v. Pallares-Galan*, 359

1  F.3d 1088, 1095 (9th Cir. 2004). In order to sustain a collateral attack under §1326(d), a
2  defendant must, within constitutional limitations, demonstrate: (1) that he exhausted all
3  administrative remedies available to him to appeal his removal order, (2) that the underlying
4  removal proceedings at which the order was issued improperly deprived him of the opportunity
5  for judicial review, and (3) that the entry of the order was fundamentally unfair. 8 U.S.C. §
6  1326(d). An underlying removal order is fundamentally unfair if: 1) an alien's due process
7  rights were violated by defects in the underlying proceedings, and 2) he suffered prejudice as
8  a result of the defects. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004).

9      Defendant moves the Court to dismiss the indictment on the grounds that he was not
10 afforded counsel at his deportation hearing. Defendant recognizes that *United States v. Rivera-*
11 *Sillas*, 417 F3d 1014 (9th Cir. 2005) controls but intends to preserve the issue for appeal. The
12 Government contends that there was no due process violation in this case.

13     In *United States v. Rivera-Sillas*, 417 F.3d 1014 (9th Cir. 2005), the Court of Appeals
14 concluded that the fact that a defendant charged with violating 8 U.S.C. § 1326 "had no
15 counsel at his underlying deportation hearing creates no constitutional problem." *Id.* at 1018.
16 The Court of Appeals stated that "[a] defendant need not have had counsel at his underlying
17 deportation hearing in order to be convicted and sentenced under 8 U.S.C. § 1326." *Id.* The
18 Court concludes that there is no evidence of any due process violation in this case.

19 **Defendant's Motion to Dismiss the Indictment on grounds that he is a citizen**

20     Defendant contends that the indictment must be dismissed because he is a citizen under
21 Section 320 of the Immigration and Naturalization Act ("INA"), 8 U.S.C. §1431, in the
22 alternative, the Defendant requests sufficient time to process his N-600 application. Defendant
23 asserts that the approval of an I-130 Petition on September 3, 2002 constitutes an application
24 for admission and that he is a citizen under the Child Citizenship Act of 2000.

25     The Government asserts that the Defendant is not a citizen under Section 320 of the Act
26 because he has never met the requirement in Section 1431(a)(3) for lawful permanent resident
27 status. The Government contends that an I-130 is a preliminary application and not an
28 application for lawful permanent residence or a completed certification of lawful permanent

1 residency.

2     8 U.S.C. § 1431 states that

3     (a) A child born outside of the United States automatically becomes a citizen of the United States when all of the following conditions have been fulfilled:
4     (1) At least one parent of the child is a citizen of the United States, whether by birth or naturalization.
5     (2) The child is under the age of eighteen years.
    (3) The child is residing in the United States in the legal and physical custody
6     of the citizen parent pursuant to a lawful admission for permanent residence.

7 8 U.S.C. § 1431.

8     The following facts are not in dispute: Defendant was born on October 23, 1985 in Mexico. Defendant was brought into the United States illegally without inspection in November of 1985 and remained here. Defendant's father became a naturalized United States citizen on April 2, 2000 when Defendant was 14. In April of 2001, Defendant's father submitted a "Form I-130 Petition for Alien Relative." On September 3, 2002, the Form I-130 Petition for Alien Relative was "APPROVED." ECF No. 20-1 at 1.

    The record in this case shows that the approval of the I-130 Petition filed by the Defendant's father did not adjust the Defendant's status to a lawful permanent resident. Defendant's father checked the box on the I-130 Petition that stated: "Your relative is in the United States and will apply for adjustment of status to that of lawful permanent resident in the office of the Immigration and Naturalization Service." ECF No. 20-1 at 2. There is no evidence in this record that the Defendant ever applied for or received an adjustment to lawful permanent resident status. The Court further concludes that there is no showing in this case sufficient to support a stay in order for the Defendant to process a N-600 application.

    IT IS HEREBY ORDERED that 1) Defendant's Motion to Dismiss Indictment under 8 U.S.C .Section 1326(d) ECF No.14 is denied; and 2) Defendant's Motion to Dismiss the Indictment on grounds that he is a citizen ECF No. 21 is denied.

DATED: June 13, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge